UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————— :
ASTRAZENECA AB, et al.                                   :
                                                                          :
                    Plaintiffs,                                  :          Civil Action No. 13-0091 (JAP)
                                                                          :
          v.                                                             :          (Consolidated for discovery purposes
                                                                          :           with:  Civil Action Nos. 11-2317,
                                                                                          11-4275,11-6348)
                                                                          :
DR. REDDY'S LABORATORIES INC.              :
et al.                                                                  :
                                                                                          **OPINION**
                    Defendants.                               :
———————————————————— 

PISANO, District Judge

         In this Hatch Waxman patent infringement action, Defendants Dr. Reddy's

Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "Defendants" or "DRL")

have moved for summary judgment of noninfringment.  Plaintiffs AstraZeneca AB,

AstraZeneca LP, KBI-E Inc., and Pozen Inc. (collectively, "Plaintiffs"), in conjunction with

their opposition to the motion, have moved under Federal Rule of Civil Procedure 56(d) for

an order denying the motion as premature because they contend that they cannot adequately

respond to the motion without further discovery.   For the reasons below, the Court grants

Plaintiffs' Rule 56(d) motion.  DRL's motion for summary judgment is denied.

**I.  BACKGROUND**

         This action relates to Plaintiffs' product marketed under the brand name Vimovo, a

drug that is a combination of a nonsteroidal anti-inflammatory drug (naproxen) and a proton

pump inhibitor (esomeprazole magnesium). Vimovo is a prescription drug approved for use to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of gastric ulcers in patients at risk of developing such ulcers from treatment with non-steroidal anti-inflammatory drugs ("NSAIDs"). Plaintiffs allege that the proposed generic version of Vimovo tablets that DRL seeks to market infringes claims 5, 15, 52, and 53 of U.S. Patent No. 6,926,907 ("the '907 patent").[1] As relevant here, the '907 patent is directed to pharmaceutical compositions and methods of treating a patient for pain or inflammation comprising orally administering compositions, "designed so that the NSAID is not released until the intragastric pH has been raised to" 3.5 or higher. '907 patent, col. 4, lines 18-53.

DRL has moved for summary judgment of non-infringement, asserting that its ANDA product does not infringe the '907 patent either literally or under the doctrine of equivalents. Plaintiffs have filed an opposition to the motion on the merits, however, they have also filed a motion under Rule 56(d) alleging that they cannot adequately respond to DRL's summary judgment motion because further discovery is required.

## II. ANALYSIS

A district court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988). If a party opposing summary judgment "believes that s/he needs additional time for discovery, Rule 56(d) specifies the procedure to be followed." *Pa., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or

---

[1] The asserted claims in this action depend from claim 1, either directly or indirectly.

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

A Rule 56(d) motion should "be accompanied by 'a supporting affidavit detailing what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Superior Offshore Int'l, Inc. v. Bristow Grp.*, 490 Fed.Appx. 492, 501 (3d Cir. 2012) (quoting *Doe v. Abinton Friends Sch.*, 480 F.3d 252, 255, n.3 (3d Cir. 2007). "However, because '[a] district court has discretion in acting on Rule 56[d] motions,' this list of factors is not exhaustive. Instead, it 'simply offer[s] a guide for the district court to follow in exercising its discretion under Rule 56[d].'" *Id.* (quoting *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 458 (3d Cir. 2003). "District courts usually grant properly filed Rule [56(d)][2] motions as a matter of course. This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party." *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007). (internal quotation marks and citations omitted).

Here, Plaintiffs argue that further discovery is required before they can adequately respond to DRL's motion. They outline the specific discovery that they contend that is required in the Declaration of Stephen Hash, which accompanies Plaintiffs motion. The Court briefly summarizes their contentions below:

First, Plaintiff asserts that additional expert discovery is required. DRL relies on the opinions of two experts, Dr. Cuitiño and Dr. Drennen, in support of its motion for summary

---

[2] Rule 56(d) was formerly Rule 56(f), which originally appeared in this quotation.

judgment.  Plaintiffs seek the opportunity to depose these experts.  Plaintiffs also seek the opportunity to engage their own experts to analyze the testing done by DRL's experts and to perform their own testing on DRL's ANDA product.

Second, Plaintiffs seek to depose DRL to investigate DRL's statements to the FDA with respect to facts bearing on the specific infringement issues raised by way of DRL's summary judgment motion.

Finally, DRL contends that it needs time to review a large document production it received shortly before the summary judgment motion was filed, as well as discovery (e.g., initial disclosures and answers to interrogatories) that had not yet, at the time of the filing of the summary judgment motion, been produced.

The Court agrees with Plaintiffs that DRL's motion is premature, and finds that Plaintiffs have established an entitlement to relief under Rule 56(d).  Further discovery is required for Plaintiffs to adequately respond to DRL's summary judgment motion.  Most notably, Plaintiffs should have an opportunity to take discovery relating to the expert reports relied upon by DRL in support of its motion.  The Court therefore will deny DRL's motion without prejudice.  DRL may refile its motion, should it wish, after all appropriate discovery has been taken and adequate time has been allowed for review and analysis of discovery materials.

**III.  CONCLUSION**

For the reasons above, Plaintiff's motion under Rule 56(d) is granted.  DRL's motion for summary judgment is denied without prejudice.  An appropriate Order accompanies this Opinion.


 /s/ JOEL A. PISANO
United States District Judge

Dated: May 29, 2014